Howry, Judge,
delivered the opinion of the court:
The findings do not establish this to be a claim, legal or' equitable, within the meaning of the fourteenth section of the act approved March 3, 1887, commonly known as the Tucker Act (Eev. Stat., sec. 1058, p. 195).
Findings in this class of cases are to inform the legislative authority of those things which are necessary for the convenient exercise of the legislative intelligence. They are not intended to present to Congress legal questions for judicial determination. But it is the duty of the court to so frame its findings that they shall give rise to no misunderstanding as to the legal or equitable conditions of a claim. Hence, the court generally endeavors to avoid finding facts which imply that a legal right has been impaired when, in the opinion of the court, no such legal right ever existed. (Vance v. United States, 30 C. Cls. R., 252.) It follows, as in the case cited, that the court may show the relations of the facts to the law and advert to the law applicable to the facts, to the end that a clear and unmistakable understanding of the facts shall appear.
Whether the old corporation of Washington, over which Congress exercised the right of supervision, or the District of Columbia, over whose affairs Congress now exercises the same constitutional authority, were responsible, or whether the United States were alone answerable for whatever of damage the owner of this property may prove to have been sustained by reason of the changes in the grades of the adjacent streets, is not a matter of material inquiry, independent of our inability to indicate how much of loss was incurred by *157 the owner in being compelled to so improve his houses as to make them accessible from the streets as the grades were changed. The evidence establishes that in reducing the grades there was no encroachment upon the possession of the owner and that the public authorities were guilty of no negligence. It is not contended on the part of the claimants, nor is it alleged in the petition, that in the execution of the work of grading the streets the officers and agents of the public trespassed upon the rights of the property owner. As a “ claim ” in the legal sense it was never suable; nor was there a taking of property within the meaning of the fifth amendment to the Constitution; there was, therefore, no implied contract, nor even tort, because the authorities did what they had a right to do. This court more than a half century ago reported this case to Congress as damnum, absque injuria. In doing so it followed the rule decided by the Supreme Court of the United States to the effect that the property of abutting owners could not be said to be damaged unless actually taken and appropriated for public purposes, because of the lawful use of the streets belonging in fee to the Government in control, inasmuch as the streets were highways dedicated to the public which the Government has a right to alter or change at pleasure, and that everyone purchasing a lot upon the summit or on the decline of a hill is presumed to foresee the changes which public necessity or convenience may require, and thereby avoid or provide against a loss. (C. Cls. R., 167, 1st sess. 35th Cong.; Goszler v. Georgetown, 6 Wheat., 593.)
Again, said the Supreme Court, the power given to the corporation to open and keep in repair streets agreeably to the plan of the city included the power to alter the grade or change the level of the land on which the streets by the plan of the city were laid out, and when this trust was performed on land dedicated to public use for the purpose of a highway the authorities were not acting unlawfully or wrongfully and were consequently not liable to damages. (Ann C. Smith v. Washington, 20 How., 135.) Cases apparently hard will occur, and the books are full of cases on this subject, and for which no remedy is provided. The settled law of *158 England and of this country is against the allowance of such claims as these.
This report will be transmitted to Congress, together with a copy of this opinion.