Howry, J.,
delivered the opinion of the court:
The United States Senate, under the provisions of the fourteenth section of the act of March 3, 1887, entitled “An act to provide for the bringing of suits against the United States,” commonly known as the Tucker Act, 24 Stats., 505, recently adopted a resolution by the terms of which there ivas transmitted to this court for judicial investigation a bill for the payment to the petitioner of $9,000 for labor done and material accepted and used by the District of Columbia. The passage of the resolution having had the effect of bringing to the court the bill with a voluminous record of papers, petitioner began the prosecution of proceedings here by the filing of the necessary pleading with certain proofs.
Defendants now move to dismiss the petition and discontinue the proceedings here on the ground that the claim being against the District of Columbia the resolution does not have the effect of conferring the necessary jurisdiction to determine anything, because the claim does not appear to be against the United States.
But whilst the claim appears to be against the District only, nevertheless it is a claim against the United States as well as against the District of Columbia. If the bill had (without information secured by means of the reference to this court) become a law, the revenues of the United States would have had to meet one-half of the amount provided to be paid. The organic act providing for the government of the District of Columbia of February 21, 1871, 16 Stat., 419, and amended June 20, 1874, 18 Stat., 116, and again amended June 11, 1878, 20 Stat., 102, and many subsequent appropriation acts of Congress, for the payment of claims against the District of Columbia, show that such claims were paid from the revenues of the United States as well as from taxes derived from the people of the District. The long course of dealing as to the maner and method of paying claims by authority of law from different sources of revenue afford reason enough for the exercise of jurisdiction within the meaning of the act requiring investigation of claims by this court under the fourteenth section of the act of 1887, sufra.
*123 While it is true that there are certain corporate powers exercised by the District for the convenient government of the people residing within its territory, yet the District of Columbia as the seat of government is exclusively controlled by Congress. The ultimate power is there. The United States Government is the sovereign and the District govern-. ment merely one of the agencies of the sovereign power. Congress have the right and have exercised it from time to time to pass special jurisdictional acts conferring authority upon this court to determine to judgment claims against the District. The act of June 16, 1880, entitled “An act to provide for the settlement of all outstanding claims against the District of Columbia, and conferring jurisdiction on the Court of Claims to hear the same, and for other purposes,” 21 Stat., 284, is an illustration. That act brought a class of claims to this court, where the power to determine to judgment was given. Barnes et al. v. District of Columbia, 22 C. Cls. R., 366, 394; 30 Ib., 504. By the subsequent act of February 13, 1895, 28 Stats., 664, recovery by claimants was provided for at increased “ board rates.” There was a provision under these special acts authorizing an appeal within 20 days. But no appeal was taken within the time prescribed by the special acts. Subsequently a motion for a new trial was filed under the provisions of section 1088 of the Revised Statutes, within the two years prescribed by that section, on the ground “that wrong and injustice had been done to the District of Columbia and to the United States, who were liable for the payment of one-half of the expenditures of the District by the act of June 11, 1878.” Ch. 180, sec. 3, 1 Supp. R. S., 2d ed., 176. This court granted a new trial in the face of the contention that section 1088 of the Revised Statutes had no application to judgments rendered solely against the District of Columbia. Elias E. Barnes v. District of Columbia, No. 47; Daniel J. Ritchie v. District of Columbia, No. 47. We will not now undertake to go through the voluminous records in the cases of Barnes et al. to state their general results, but it is known that a number of these cases were taken to the Supreme Court and finally determined there. The files of this court show that the motion for new trial under the provisions of *124 the Revised Statutes was put upon, the ground that the United States were as much interested as the District of Columbia.
The fact that the statute of limitations has, since the passage of these acts (providing for judgments against the District of Columbia), intervened to bar the further prosecution to judgment of claims of the character there mentioned can not have the effect of precluding the court from now responding to a resolution transmitting a claim for investigation which might have been presented to the court for the entry of judgment under these acts.
In Wilkes v. United States, 43 C. Cls. R., 152, the court took jurisdiction upon a careful consideration of the question of our duty to do so. We then said that the findings of fact to be made were essential to inform the legislative authority of those things necessary for the exercise of the legislative intelligence. Without the power to refer to this court a bill providing for the payment of a claim like that now under consideration the lawmaking bodies would be deprived of the very thing contemplated by the fourteenth section of the act under which the resolution transmitting the claim was adopted. There is nothing inconsistent in’any decision rendered by the court since then having the effect of reversing the authority of the case mentioned.
The plea of the defendants is overruled.