Court of Claims jurisdiction; District of Columbia status as agent of United States — On March 7, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
This case is before the court on the defendant’s motion to dismiss the petition for lack of jurisdiction. Plaintiff, a lawyer, alleges that he was not fully reimbursed for representing an indigent criminal defendant in the District of Columbia Superior Court pursuant to the District of Columbia Criminal Justice Act, D. C. Code § 11-2601 et seq. (Supp. V 1978). He sues the United States on the theory that the District of Columbia is an "agency of the United States, and a municipal corporation created by the Congress to administer the affairs of the United States.”
.Our jurisdiction, based on the Tucker Act (28 U.S.C. § 1491 (1976)), covers "any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *651 not sounding in tort.” We have held that the District of Columbia is not an agent of the federal government and therefore that we have no jurisdiction over claims against it. John McShain, Inc. v. United States, 179 Ct. Cl. 632, 375 F.2d 829 (1967) and cases cited therein. Plaintiffs claim here is properly against the District of Columbia and not against the United States.
Plaintiff seeks reimbursement for services rendered to indigent defendants pursuant to the District of Columbia Criminal Justice Act, D.C. Code § 11-2604 (Supp. V 1978). This is an act adopted by the District of Columbia City Council, not by Congress. It differs from earlier laws providing counsel for indigents because it was enacted after the Court Reform and Criminal Procedure Act of 1970, 84 Stat. 473, which transferred jurisdiction over local criminal cases from the United States District Court to the District of Columbia courts. Prior to that transfer, representation of indigents was reimbursed pursuant to a federal statute. 18 U.S.C. § 3006A (1976) (applicability to D. C. Superior Court and Court of Appeals eliminated in 1974). Once jurisdiction over the cases passed to the District, however, so did responsibility for providing counsel to the poor. Under the District of Columbia Criminal Justice Act, funds to pay attorneys under this program are local, not federal moneys. They are included in the city’s annual budget (section 11-2607) and are appropriated "out of any moneys in the Treasury credited to the District of Columbia” (section 11-2608).
Plaintiff relies on our decision in Mackey v. United States, 47 Ct. Cl. 121 (1911). Mackey, however, was a Congressional reference case. Moreover, it is almost 70 years old. Since that time the relationship of the federal government and the District of Columbia has substantially changed, and the reasoning of that decision is no longer valid.
Plaintiffs claim is against the District of Columbia. The United States is not obligated for the city’s debts. This court has no jurisdiction over the subject matter of the petition.
it is therefore ordered that defendant’s motion to dismiss is granted and the petition is dismissed.