Harry Toussaint **ALEXANDER**

v.

The **UNITED STATES**.

No. 314–82C.

United States Claims Court.

April 12, 1984.

Harry T. Alexander, pro se.

Kathleen A. Flynn, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

YOCK, Judge.

In this civilian pay case, the plaintiff, a former associate judge of the Superior Court of the District of Columbia, asserts his entitlement to receive a lump-sum payment for unused annual vacation leave as of the date of the termination of his appointment at the Superior Court. The defendant has filed a motion to dismiss the complaint. For the reasons discussed herein, the defendant's motion is granted.

## Facts

The facts are few and uncomplicated.[1] On November 3, 1966, President Lyndon B. Johnson appointed the plaintiff to serve a ten-year term as an associate judge of the Superior Court of the District of Columbia. The plaintiff served in this position from November 3, 1966 through November 2, 1976. In the final year of his tenure at the Superior Court, the plaintiff took only two and one-half days of annual vacation leave.

The plaintiff asserts before this Court that he was entitled to an annual allotment of 30 calendar days of vacation leave and that he has a statutory right to receive from the United States in lump sum the value of his unused vacation leave for the year 1976. The plaintiff additionally contends that he did not exhaust his annual vacation allotment during the other years of his service as a judge and that he is entitled to be compensated for all such unused vacation leave. Plaintiff argues that the defendant's failure to compensate him is in violation of the provisions of section 5551 of Title 5 of the United States Code. The plaintiff further argues that the failure of the United States to compensate him for his unused annual leave represents an unconstitutional diminution of his salary which is prohibited by Article III of the United States Constitution.[2]

In response to the plaintiff's complaint, the defendant has filed a motion to dismiss. The defendant asserts that the plaintiff has failed to state a claim against the United States and that this Court therefore is without jurisdiction to hear this case. Specifically, the defendant argues that the plaintiff was an employee of the government of the District of Columbia and, accordingly, any claim which the plaintiff has

for unused accrued annual leave should be brought against the District in the courts of the District of Columbia.

The Court agrees that the plaintiff has failed to state a claim against the United States. Accordingly, the plaintiff's action is to be dismissed.

## Discussion

### A. The Article III Claim

The plaintiff's First Amended Complaint does not indicate whether plaintiff intended that his Article III claim remain as a separate theory of recovery. In failing to clarify his intent, the plaintiff disregarded the direction of RUSCC 15(e)(1) that "[e]very amendment to a pleading shall include so much of the prior pleading as may be required to show clearly how the pleading is to stand amended." However, giving the plaintiff the benefit of the doubt, the Court concludes that the amended complaint was not intended to eliminate the Article III claim.

■ In any event, plaintiff's Article III claim is without merit. Both the Superior Court of the District of Columbia and the District of Columbia Court of Appeals were created by Congress pursuant to an exercise of the plenary power granted to Congress in Article I, Section 8, Clause 17 of the United States Constitution. *Palmore v. United States,* 411 U.S. 389, 397–98, 93 S.Ct. 1670, 1676, 36 L.Ed.2d 342 (1973); D.C.Code Ann. § 11–101(2)(A)–(B) (1981). *See generally Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (discussing distinction between Arti-

---

1. For the purpose of considering a motion to dismiss, the facts as alleged by the plaintiff in his complaint are regarded as established. *See Adams v. United States,* 3 Cl.Ct. 696, 697 (1983); *Balboa Insurance Co. v. United States,* 3 Cl.Ct. 543, 544 (1983). This court's task in considering a motion to dismiss is to determine whether the complaint, when considered in the light most favorable to the plaintiff, states any cognizable claim against the United States for which relief may be granted. *Balboa Insurance Co. v. United States, supra,* 3 Cl.Ct. at 545. The defendant's motion must be denied "unless it appears be-

yond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1975).

2. The plaintiff raised his Article III claim, together with the section 5551 claim, in his initial complaint. A later-filed First Amended Complaint does not address the Article III claim but amplifies substantially upon plaintiff's asserted entitlement to recover under the provisions of 5 U.S.C. § 5551.

cle I and Article III courts). The judges of the Superior Court, therefore, are not Article III judges; and plaintiff is not protected by the prohibition of Article III that the salaries of judges shall not be diminished.

### B. *The Section 5551 Claim*

■ It is well established that the Tucker Act, 28 U.S.C. § 1491 (Supp. V 1981), is only a jurisdictional statute; the Act does not confer any substantive right to recover money damages from the United States. *See, e.g., United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Holmes v. United States,* 3 Cl.Ct. 521, 523 (1983). Thus, to invoke the jurisdiction of the Claims Court, a plaintiff must base his claim upon substantive rights grounded in the Constitution, a contract, an act of Congress or a regulation of an executive department. *United States v. Connolly, supra,* 716 F.2d at 885. It is not enough, therefore, that a claim "may intimately involve the Constitution, an Act of Congress, or an executive regulation." *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1008 (1967). Rather, the proper inquiry is whether "any federal statute 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Testan, supra,* 424 U.S. at 400, 96 S.Ct. at 954 (quoting *Eastport Steamship Corp. v. United States, supra,* 178 Ct.Cl. at 607, 372 F.2d at 1009).

The plaintiff argues that the provisions of 5 U.S.C. § 5551(a) and section 1505(a) of Title 11 of the District of Columbia Code, provide the statutory basis for this Court's jurisdiction. Section 5551(a) states:

An employee as defined by section 2105 of this title or an individual employed by the government of the District of Columbia, who is separated from the service or elects to receive a lump-sum payment for leave under section 5552 of this title, is entitled to receive a lump-sum payment

for accumulated and current accrued annual or vacation leave to which he is entitled by statute. * * *

5 U.S.C. § 5551(a) (Supp. V 1981). Section 5551(a), therefore, authorizes a lump-sum payment of "accrued annual or vacation leave *to which [an employee] is entitled by statute." Id.* (emphasis added).

The plaintiff asserts that the provisions of section 1505(a) of Title 11 of the D.C. Code supply the required statutory entitlement for the judges of the Superior Court to accrue annual leave. Section 1505(a) provides: "Each judge of the District of Columbia shall be entitled to an annual vacation of not more than 30 calendar days. Such vacation shall be taken at such time or times as prescribed by * * * the chief judge of the Superior Court for judges of that court * * *." D.C.Code Ann. § 11–1505(a) (1981).

■ The accepted "starting point" for interpretation of a statute is the statutory language itself. *American Tobacco Co. v. Patterson,* 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). The language of section 1505(a) could hardly be more unambiguous in providing that the judges of the Superior Court "shall be entitled to an annual vacation *of not more than 30 calendar days."* Section 1505(a), therefore, vests in the chief judge of the Superior Court the discretion to grant associate judges of the court up to 30 days annual leave. *See* Williams, *District of Columbia Court Reorganization, 1970,* 59 Geo.L.J. 477, 520 (1971). Although section 1505(a) establishes the maximum number of leave days that a judge of the Superior Court may be granted in any particular year, it does not create a substantive right for the judges to accrue annual leave and be paid for that leave when the employee leaves Government service. Moreover, neither party has pointed to any other provision of the D.C.Code that so provides that substantive right.

In light of the foregoing, it is apparent that 5 U.S.C. § 5551(a) and D.C.Code § 11–1505(a) taken in conjunction "can[not] fairly be interpreted as mandating compen-

sation by the Federal Government * * *." *See Eastport Steamship Corp. v. United States, supra,* 178 Ct.Cl. at 607, 372 F.2d at 1009. Accordingly, this Court is without jurisdiction to entertain the plaintiff's action.

■ Moreover, this Court would be without jurisdiction even if it were to conclude that the plaintiff was entitled to accrue annual leave and to receive a lump-sum payment of all accrued but unused vacation leave. Under such circumstances, any claim which the plaintiff would have for the value of unused annual leave should be brought against the government of the District of Columbia. Congress, in an exercise of the power granted in Article I, Section 8, Clause 17 of the Constitution, enacted the District of Columbia Court Reorganization Act of 1970, Pub.L. No. 91–358, 84 Stat. 473. The purpose of the Act was to create a judicial branch of the District of Columbia government independent of the federal judiciary. *See Halleck v. Berliner,* 427 F.Supp. 1225, 1233 (D.D.C.1977); Williams, *supra,* 59 Geo.L.J. at 490 & n. 52, 511. The result was the creation of a local court system which is analogous to the court system of a state. *See United States Jaycees v. Superior Court,* 491 F.Supp. 579, 582 (D.D.C.1980); *cf. Milhouse v. Levi,* 548 F.2d 357, 360 n. 6 (D.C.Cir.1976).

In 1973, Congress again exercised its plenary Article I powers when it enacted the District of Columbia Self-Government and Governmental Reorganization Act (Home Rule Act). Pub.L. No. 93–198, 87 Stat. 774. The Home Rule Act specifically provided for continuation of the local courts of the District, subject only to changes contained in the Home Rule Act itself. *See* D.C.Code Ann. Title 11 app. § 718, at 624 (1981).

Under both Acts, the judges of the Superior Court are members of the judicial component of the District of Columbia government. They are not subject to the direction and control of the Government of the United States. Rather, the chief judge of the Superior Court is granted authority to administer the functions of the court and to direct the duties of the associate judges. *See, e.g.,* D.C.Code Ann. §§ 11–906(a), –908, –909 (1981). In sum, the District of Columbia is the actual employer of the judges of the Superior Court.

This Court's predecessor, the U.S. Court of Claims, has held repeatedly that the District of Columbia is not an agency or instrumentality of the United States. *See, e.g., Yates v. United States,* 225 Ct.Cl. 604, 605 (1980); *Marshall v. United States,* 223 Ct.Cl. 650, 651 (1980); *Sweeney v. United States,* 152 Ct.Cl. 516, 522, 285 F.2d 444, 447 (1961). Consequently, the Government of the United States is not liable for the obligations of the District of Columbia. *See Porter v. United States,* 208 Ct.Cl. 1021 (1976); *John McShain, Inc. v. United States,* 179 Ct.Cl. 632, 635 (1967). The District of Columbia is a municipal corporation which may sue or be sued. *Rieser v. District of Columbia,* 563 F.2d 462, 474 (D.C.Cir.1977). Any claim which the plaintiff has for the value of unused annual leave therefore must be brought against the District, not the United States.[3] Accordingly, the plaintiff has not stated a claim for which this Court may grant relief.

## CONCLUSION

For the reasons discussed, the plaintiff has failed to allege a claim against the United States. This Court does not have jurisdiction to hear this case, and the defendant's motion to dismiss is granted.

---

**3.** The plaintiff has, in fact, filed an action against the District of Columbia. Defendant's Motion to Dismiss at 1 n. 1, *Alexander v. United States,* No. 314–82C (Cl.Ct.); *see Alexander v. District of Columbia,* CA No. 9400–82 (D.C. Super.Ct.).