**Perry T. LYONS, et al.**

v.

**The UNITED STATES.**

**No. 123–83C.**

United States Claims Court.

Aug. 14, 1984.

---

Robert M. White, Norfolk, Va., for plaintiff.

Sara V. Greenberg, Washington, D.C. with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Naomi Miske, Dept. of the Navy, Washington, D.C., of counsel.

## OPINION

MARGOLIS, Judge.

This civilian pay case is before the Court on the government's motion to dismiss with oral argument. Plaintiff, Perry T. Lyons, allegedly representing approximately sixty federal firefighters employed by five United States government agencies located in Virginia, brought a class action claiming that, in contravention to statutory and other authority, the government improperly computed the amount of the firefighters' annual leave. As a result, the plaintiff argues, members of the purported class [1] worked during hours in which they should have been on leave and, therefore, they should be compensated for these additional hours with overtime pay. Plaintiff alleges that, in contravention to law, the firefighters, who work 24 hour shifts, do not acquire leave in the same proportion as other federal employees who work eight hour shifts.

The defendant United States contends that the Claims Court lacks jurisdiction in

---

1. The Court does not decide whether the "class" can properly be certified as such.

this case because the plaintiff has failed to state a claim for money damages. The defendant asserts that the plaintiff has not cited any authority that permits overtime pay to be awarded where annual leave has been improperly calculated. The defendant further argues that the only relief available—the granting of additional leave—is equitable in nature, and therefore, beyond this Court's jurisdiction. The Court finds that the defendant is correct and, therefore, grants the defendant's motion to dismiss.

## DISCUSSION

The Tucker Act, 28 U.S.C. § 1491 (1982), requires that monetary claims against the United States be founded either upon a law, regulation, contract, or the Constitution. *Id.* at § 1491(a)(1). *See also United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *United States v. Testan,* 424 U.S. 392, 401–02, 96 S.Ct. 948, 954–55, 47 L.Ed.2d 114 (1976); *United States v. Connolly,* 716 F.2d 882, 885 (Fed. Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007–09 (1967). The necessary inquiry is "whether the source of substantive law can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Mitchell,* 463 U.S. at —, 103 S.Ct. at 2968. Although plaintiff alleges that his money claim is founded upon 5 U.S.C. § 6301 *et seq.* (1982), he cites no specific subsection thereunder that supports his claim, and this Court cannot find one.

To the contrary, section 6304 of title 5 indicates that the plaintiff's remedy (if, in fact, the firefighters' leave was insufficiently credited) is the granting of additional leave. This section provides that annual leave that is not used by an employee (for whatever reason) accumulates for use in succeeding years. Any accumulated leave in excess of 30 days is, generally, forfeited. *Id.* at § 6304(a). However, section 6304(d) specifically provides that leave lost by operation of section 6304(a) because of, *inter alia,* administrative error shall be restored to the employee. The leave shall be credited to a separate leave account for the employee and shall be available for use by the employee within the time limits prescribed by the regulations of the Office of Personnel Management. *Id.* at § 6304(d)(2).

With only a few exceptions not here relevant,[2] there exists no statutory authority to convert accrued leave time into its monetary equivalent. *See Burich v. United States,* 177 Ct.Cl. 139, 150, 366 F.2d 984, 990–91 (1966), *cert. denied,* 389 U.S. 885, 88 S.Ct. 152, 19 L.Ed.2d 182 (1967).

Although the plaintiff alleges that the government incorrectly interpreted the Federal Personnel Manual Supplement (FPMS), 990–2, Book 630, Subchapter S2–6 (1972), in calculating the firefighters' leave accrual, this allegation is insufficient. First, the FPMS is not an executive regulation and, therefore, is not one of the authorities enumerated by section 1491 that can provide a basis for this Court's jurisdiction. 28 U.S.C. 1491(a)(1) (1982); *McGrath v. United States,* 1 Cl.Ct. 236, 238 (1982), *aff'd mem.,* 714 F.2d 161 (Fed.Cir.1983); *See generally Fiorentino v. United States,* 221 Ct.Cl. 545, 552–53, 607 F.2d 963, 968 (1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980). Moreover, plaintiff has not shown that the au-

---

**2.** For example, if members of the plaintiff's purported class were separated from the civil service and would, therefore, be unable to claim the benefit of a leave restoration, they might then be eligible for a lump-sum payment under 5 U.S.C. § 5551(a) (1982). A valid claim for restoration of leave under § 6304(d) and liquidation under § 5551 of the leave so restored would be cognizable in this Court. *Adams v. United States,* 3 Cl.Ct. 696, 698 (1983). Plaintiff, however, does not allege that any of the members of his purported class have been separated from the civil service, and therefore, this lump-sum payment provision does not apply. Likewise, plaintiff has not demonstrated that any of the other lump-sum payment provisions apply. *See, e.g.,* 5 U.S.C. § 5551(b) (entry into a position excepted from the leave provisions); *Id.* at § 5552(1) (entry into the armed forces); *Id.* at § 5562(a)(1) (employee who was in a missing status).

thority on which he relies "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Mitchell*, 463 U.S. at ——, 103 S.Ct. at 2968; *Testan*, 424 U.S. at 400, 96 S.Ct. at 954, *quoting Eastport Steamship Corp.*, 178 Ct.Cl. at 607, 372 F.2d at 1009. The FPMS merely sets forth the mechanics by which leave shall be accrued for employees who work 24 hour shifts and other "uncommon tours of duty." It cannot "fairly be interpreted" as requiring monetary compensation in the event of a miscalculation of leave accrual.

In his response to the defendant's motion to dismiss, the plaintiff attempted to overcome the section 1491 hurdle by alleging that members of his purported class were deprived of their constitutional rights and that their employment with the government was a contractual undertaking. Plaintiff, however, failed to support the constitutional claim and, therefore, that contention lacks merit. Similarly, it is well established that the federal employment relationship is statutory and not contractual. *See Kania v. United States*, 227 Ct.Cl. 458, 464–65, 650 F.2d 264, 268, *cert. denied*, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981); *Shaw v. United States*, 226 Ct.Cl. 240, 250–51, 640 F.2d 1254, 1260 (1981).

At oral argument, the plaintiff vaguely asserted that the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219 (1982), applied to his case. As the defendant points out, the only subsections of FLSA which could be pertinent here are sections 207(a) and (k). These sections require the payment of overtime when an employee has worked in excess of his scheduled tour of duty. The plaintiff, however, did not allege that the firefighters worked in excess of their required tours of duty as described in section 207(k). Thus, plaintiff has failed to state a claim within the scope of FLSA.

Because the plaintiff's only remedy would be the granting of additional leave

under 5 U.S.C. § 6304, this case is beyond this Court's jurisdiction. It is well settled that the Claims Court lacks jurisdiction to entertain claims solely for equitable relief. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).[3]

Finally, this Court cannot authorize overtime pay unless the hours worked above the regularly scheduled tour of duty are "officially ordered or approved" as required by 5 U.S.C. § 5542(a) (1982). *See, e.g., Baylor v. United States*, 198 Ct.Cl. 331, 358–60 (1972). Plaintiff has not shown that any overtime hours were officially authorized as mandated by the above cited statute.

## CONCLUSION

Because the plaintiff has failed to demonstrate that his claim for money is founded upon any of the authorities required by the Tucker Act, and his only possible remedy—the granting of additional leave—is equitable in nature, and finally, because this Court cannot authorize overtime pay unless the hours worked have been officially sanctioned, this Court lacks jurisdiction over this case.

Accordingly, the defendant's motion to dismiss is granted, and the Clerk will dismiss the complaint.