**Frank L. HULSEY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Cong. Ref. No. 1–83.**

United States Claims Court.

Nov. 14, 1984.

---

Clifford J. Shoemaker, Vienna, Va., for plaintiff.

Michael A. Gordon, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## ORDER

NETTESHEIM, Hearing Officer.

### FACTS

On November 9, 1983, S.Res. 164, 98th Cong., 1st Sess. (1983), was filed in this court. The resolution reads in full:

Resolved, That S. 1519 entitled "A bill for the relief of Frank L. Hulsey", now pending in the Senate, together with all the accompanying papers, is referred to the Chief Commissioner of the United States Court of Claims [sic]. The Chief Commissioner shall proceed according to the provisions of sections 1492 and 2509 of title 28, United States Code, and report back to the Senate, at the earliest practicable date, giving such findings of fact and conclusions that are sufficient to inform the Congress of the nature and character of the demand as a legal or equitable claim against the United States or a gratuity, and the amount, if any, legally or equitably due from the United States to the claimants.

(Italics in original.)

S.Rep. No. 98–266, 98th Cong., 1st Sess. (1983), accompanying S.Res. 164, declared that the purpose of S. 1519 was to waive any statute of limitations or bar of laches and authorize compensation, in an amount to be determined by the Claims Court, "to compensate for injuries allegedly resulting from having been administered an inoculation in a Government-sponsored program for swine flu."

The Senate Report set forth a factual statement, which included the following: Mr. Hulsey was inoculated with a swine flu vaccine on October 12, 1976, pursuant to a Government-sponsored campaign to inoculate the public against swine flu. Over the next five years he became seriously ill.

According to the general consensus of medical officials, the fundamental problem underlying Mr. Hulsey's illness is a rare immunological disorder which attacks the muscle tissue. Although the cause of the disease, known as polymyositis, is not precisely clear, there are many simlarities [sic] between this disease and others associated with the swine flu shot such as Guillian Barre syndrome. These diseases are similar not only because of their immunological mechanisms, but because they affect the neuromuscular function of the body.

However, the possibility of linkage between the swine flu administration and the polymyositis was late in occurring to the physicians who were treating Mr. Hulsey. Although they were aware the Guillian Barre syndrome was linked to swine flu administration, polymyositis is somewhat different. It was only in 1979 that they began to think about the possible relationship of the immunization and the onset, a few weeks later, of the

polymyositis. Thus, Mr. Hulsey's extensive hospital confinement, and the initial inability of doctors to diagnose his illness at the outset precluded him from filing a claim against the United States before the statute of limitation, prescribed by 28 U.S.C. 2401(b), had run.

The Department of Health and Human Services recommends against waiving the statute of limitations on Mr. Hulsey's claim. In its opinion, the statutory limit has been strictly interpreted by the courts, and there is no basis for providing relief to Mr. Hulsey, who is in the same position as many other persons whose claims are similarly barred. The Office of Management and Budget concurs in the views expressed by HHS, and accordingly opposes enactment of this legislation.

The Committee on the Judiciary, after careful examination of the unique circumstances surrounding this claim, respectfully differs with the position taken by the Department of Health and Human Services and the Office of Management and Budget. *The Committee is moved by the nature of the illness which could not be properly diagnosed until the statute had run.* Also significant is the fact that this claim would proceed as a congressional reference meaning no direct award is provided and Congress will have the final word on the determination of the United States Claims Court.

S.Rep. No. 98–266, at 2 (emphasis added).

After the matter was referred to the Claims Court, pursuant to 28 U.S.C. § 2509 (1982), plaintiff filed his complaint on February 6, 1984, ¶ 4 of which stated: "As a result of said injection, Claimant suffered an autoimmune response to the vaccination diagnosed as polymyositis and Guillian-Barre Syndrome." On October 5, 1984, defendant filed a motion to dismiss the reference urging that this court lacked jurisdiction over the subject matter.

On August 14, 1984, according to defendant, "Mr. Hulsey's counsel forwarded a medical report. This report indicates that vasculitis and [possibly] Guillian-Barre Syn-

drome are the basis upon which Mr. Hulsey will attempt to demonstrate that his injuries resulted from a swine flu shot...." Def's Mot. filed Oct. 5, 1984, at 4. Because plaintiff has not responded to this motion, it is impossible for the Hearing Officer to verify independently the accuracy of government counsel's assertions. In the absence of an explanation for plaintiff's change of tack—assuming that he changed it—defendant opines that

Mr. Hulsey's counsel reviewed the facts, and probably discovered that polymyositis had been repeatedly rejected by the courts as being casually [sic] related to a swine flu shot. *See e.g., Tabaczynski v. United States,* 529 F.Supp. 156 (E.D. Mich.1981), *aff'd,* 711 F.2d 1059 (6th Cir. 1983), ...; *Porras, et al. v. United States,* No. CV 80–3692 (C.D.Cal.1983), ...; *O'Leary v. United States,* Civ. No. 80–71864 (E.D.Mich.1982), ..., *Wilson v. United States,* No. 79–5079 (S.D.Ill. 1982), ...

Def's Mot. filed Oct. 5, 1984, at 6.

### DISCUSSION

In considering a motion to dismiss, the hearing officer must take the material allegations of fact as true and consider them in the light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Thoen v. United States,* 5 Cl.Ct. 823, at 826 (1984); *Adams v. United States,* 3 Cl.Ct. 696, 697 (1983). Here, the factual inferences to be drawn in claimant's favor call for the premise, against which defendant's motion must be judged, that plaintiff is proceeding precisely as pleaded in his complaint. While it is true, as defendant points out, that the complaint refers to polymyositis and Guillian Barre syndrome as alternative diagnoses, Compl., ¶¶ 28, 30, Guillian Barre syndrome was not the basis of the reference which the Senate carefully set forth in its report. The claim was referred because the diagnosis was polymyositis and not Guillian Barre syndrome. Defendant is correct that if plaintiff now takes the position that the diagnosis is either vasculitis or Guillian Barre

syndrome his claim is not within the scope of the reference and that this court therefore lacks jurisdiction over the claim. *Marlin Toy Products, Inc. v. United States,* Cong. Ref. Nos. 2–74 & 1–75 (Dec. 1, 1977); *Sperling & Schwartz, Inc. v. United States,* Cong.Ref. No. 1–74 (Feb. 10, 1975).

### CONCLUSION

Based on the foregoing,

IT IS ORDERED, as follows:

1. Claimant shall file by December 14, 1984, a response to defendant's motion to dismiss, stating with particularity his position with respect to the statement of defense counsel quoted above concerning the diagnosis of claimant's illness.

2. If claimant does not file his response by December 14, 1984, or therein takes the position that he is proceeding on the basis of a diagnosis of vasculitis or Guillian Barre syndrome, this order shall be reissued as the Hearing Officer's Report and the reference will be dismissed for lack of jurisdiction.