## UNITED STATES v. CHICELLI.

District Court, W. D. New York.
May 17, 1935.

Hugh J. O'Brien, of Rochester, N. Y., for the motion.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., and Goodman Sarachan, of Rochester, N. Y., opposed.

RIPPEY, District Judge.

This is a motion by the defendant to compel the return to him of a Ford truck, engine No. 4508629, of the alleged value of $600, seized by officers of the Alcohol Beverage Control Tax Unit of the Bureau of Internal Revenue on March 6, 1935, for the alleged violation of the internal revenue laws.

In the return, the government admits the seizure of the property, but denies that the value thereof is $600, and alleges that its value was $85 at the time of seizure. Upon the argument, it appeared that the truck was searched by the officers of the Alcohol Tax Unit at a gasoline station at the corner of Bay street and Fromm place in the city of Rochester, where it was abandoned by the driver and it was found to contain 55 five-gallon cans of alcohol, whereupon the truck and contents were seized. The affidavit of John H. Christner was attached to the return. The evidence established that the officers had probable cause for the search, that the search and seizure were lawful, and that none of the rights of the defendant were violated. Possession and control of the property is stated in the petition and admitted in the return to be in John H. Flynn, chief for New York State of the Alcohol Tax Unit of the Bureau of Internal Revenue. He is not an officer of the court. No statutory authority for a summary proceeding for the return of property seized under the provisions of the internal revenue laws has been called to the attention of the court under facts like those of the case at bar. In any event, such a proceeding could be maintained only where the property is in the custody of an attorney or officer of the court and unlawfully seized. In re Behrens (C. C. A.) 39 F.(2d) 561; U. S. v. Mahon (D. C.) 42 F.(2d) 571.

Proceedings for forfeiture have been commenced by the government under section 3460 of the Revised Statutes (26 US CA § 1193). That section provides for such proceedings where the goods are worth $500 or less. If the goods subject to forfeiture are, in the opinion of the collector, worth less that $500, he must cause a list of the merchandise to be made and must have an appraisal thereof by three disinterested appraisers made. If the appraisers find that the goods are worth less than $500, the collector must proceed to advertise and sell the goods unless the claimant shall file a bond for $250 conditioned that, in case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses to obtain condemnation; upon the filing of the bond with the collector, he shall report the matter to the United States attorney for condemnation. No bond has been filed by the claimant. Attached to the return is the original appraisal which shows the property worth $85. Thus statutory proceedings have been provided for forcing condemnation of seized property under the internal revenue laws and that procedure must be deemed to be exclusive. A similar provision in the case of property seized under the customs law has been held to be exclusive. In re C. I. T. Corporation (D. C.) 28 F.(2d) 50. No summary order can be made in this case requiring the United States attorney to libel or abandon the property.

The motion must be denied, and it is so ordered.