**JARY LEASING CORPORATION,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 65–C–1147.

United States District Court
E. D. New York.

March 22, 1966.

Abrams, Bard & Smithline, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., for Eastern Dist. of New York, Brooklyn, N. Y., for defendant.

MISHLER, District Judge.

Defendant, United States, moves pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for an order dismissing the complaint on the ground that the Court lacks jurisdiction over the subject matter.

Plaintiff is engaged in the business of leasing automobiles. On May 10, 1963, it leased a 1963 Buick Riviera sedan to Ralph Levine; the lease was for a period of twenty-six months. On April 28, 1965, officers of the Alcohol and Tobacco Tax Division, Internal Revenue Service, seized said vehicle pursuant to section 7302 of Title 26, U.S.C. Said vehicle was appraised by three independent appraisers selected by the Secretary of the Treasury or his delegate on April 30, 1965; the appraisers found it to have a value of less than $2,500. 26 U.S.C. § 7325 (Cum. Supp.1965). Thereafter, and on June 9,

16 and 23, 1965, a notice of seizure was published in the Brooklyn edition of the New York Journal American. The notice described the automobile in issue, stated the time and place of the seizure and the cause thereof. The notice also stated:

" * * * Any person claiming an interest in said property may file a petition for remission or mitigation of forfeiture or file a claim and deliver a $250 cost bond with the undersigned on or before July 9, 1965; otherwise the property will be forfeited and disposed of according to law."

Plaintiff did not file a claim or the requisite bond, and the time to so do has since expired. 26 U.S.C. § 7325(3) (Cum. Supp.1965); see Milkint v. Morgenthau, 1937, 4th Cir., 92 F.2d 266. Plaintiff, however, did not remain idle. It elected to file a petition for remission or mitigation of forfeiture with the Director, Alcohol and Tobacco Tax Division, Internal Revenue Service (the delegate of the Secretary of the Treasury) as provided in the notice of seizure; and the petition was filed June 4, 1965.

The Director, exercising his discretionary power, denied the petition on the merits for the following reason:

"The petitioner has failed to satisfactorily establish that through the exercise of reasonable diligence it could not have ascertained that at the time of the transaction relied upon, the person dealt with possessed a record and a reputation as a violator of the laws relating to commercial crime."

A petition for reconsideration was denied October 12, 1965. Plaintiff has thus exhausted its administrative remedies. Thereupon, and on November 12, 1965, plaintiff instituted suit to recover said automobile or its value; and defendant moves herein to dismiss the complaint.

The petition was denied pursuant to section 7327 of Title 26 U.S.C. The aforesaid section refers to section 1618 of Title 19 U.S.C. wherein the applicable standards for the exercise of the Secretary's power are set forth. Defendant contends that section 1618 vests ex-

clusive jurisdiction to consider petitions such as the one in the instant case in the Secretary, and that the exercise of such discretionary power is not reviewable by this Court. The Court is constrained to agree with defendant. It has been noted that

"The purpose of the remission statutes was to grant executive power to relieve against the harshness of forfeitures. The exercise of the power, however, was committed to the discretion of the executive so that he could temper justice with mercy or leniency. Remitting the forfeiture, however, constituted an act of grace. The courts have not been granted jurisdiction to control the action of the executive, even where it is alleged * * * that discretion has been abused." United States v. One 1961 Cadillac, 1964, 6th Cir., 337 F.2d 730, 731, 733.

An election to proceed by petition for remission or mitigation of forfeiture rather than by claim with the requisite bond binds the plaintiff to the available administrative remedies; and the administrative method is exclusive. See United States v. One 1961 Cadillac, 1964, 6th Cir., 337 F.2d 730; United States v. Gramling, 1950, 5th Cir., 180 F.2d 498; United States v Chicelli, 1935, W.D.N.Y., 10 F.Supp. 900.

Section 1009 of Title 5 U.S.C. [Administrative Procedure Act] specifically excepts from its provisions "agency action [which] is by law committed to agency discretion;" and the exception has been held applicable to the exercise of discretion by the Secretary of the Treasury in denying a petition for remission or mitigation of forfeiture. See United States v. One 1961 Cadillac, supra. Accordingly, the Court lacks the power to review the administrative action herein; and it cannot redress the grievances alleged in the complaint. Pullman Trust & Savings Bank v. United States, 1964, N.D.Ill., 225 F.Supp. 860. The Court lacks jurisdiction over the subject matter and for that reason the motion is granted.

Settle order on two (2) days notice.