**Michel La CHANCE, Plaintiff,**

v.

**The DRUG ENFORCEMENT ADMINIS-TRATION and the United States of America, Defendants.**

**No. CV 86–3816.**

United States District Court,
E.D. New York.

Aug. 24, 1987.

Joseph A. Faraldo, Kew Gardens, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y., Joseph D. McCann, Asst. U.S. Atty., for defendants.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

### Statement of the Facts

Plaintiff Michel LaChance brought this action seeking to recover the sum of $49,000 in United States currency which was forfeited to the United States after seizure by the Drug Enforcement Administration ("the DEA"). Plaintiff had unsuccessfully petitioned the DEA for remission or mitigation of the forfeiture, which petition was denied initially and upon reconsideration. Plaintiff asks the District Court to enter judgment directing the defendant DEA to return the seized money to plaintiff. Defendants move to dismiss the action, pursuant to Rule 12(b)(1) and (6) of the Fed.R. Civ.P., for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

The facts of the case are summarized as follows:

On September 9, 1985, Michel LaChance was stopped by Mark Thornton, a DEA agent, while awaiting a flight to Montreal, Canada at LaGuardia Airport Terminal and was asked about large sums of cash found in his luggage.[1] LaChance responded that he had obtained the money from the sale of a horse and from legal gambling winnings at the race track, and identified himself as the world's leading professional harness racing driver. Thornton informed LaChance that he could not take this sum of cash out of the country without reporting it.[2] LaChance then left the terminal and placed the money in the trunk of a bor-

rowed car that had been left in the airport parking lot.

When LaChance returned to the terminal to wait for his flight, Thornton and Robert O'Leary, another DEA agent, approached him and asked where he had put the cash. In response, LaChance took the DEA agents to the car, opened the trunk and showed them the money. The agents counted the money, totalling $49,000, placed it in a paper bag found in the trunk of the borrowed car, took the money in the paper bag and gave LaChance a receipt.

The agents did not charge LaChance with any illegal activity at that time and allowed him to continue on his trip. The agents subsequently took the money in the paper bag to Kennedy Airport, and exposed it to a drug-sensitive dog. The dog reacted positively, indicating the presence of a controlled substance. It was not determined whether the reaction was to the money or to the bag.

As a result of the airport incident, the New York State Racing and Wagering Board ("the Board") summoned LaChance to a hearing to investigate whether the money was implicated in any criminal activity. The DEA agents testified at the hearing but LaChance refused to answer any questions about the airport incident, following his lawyer's advice that he invoke his constitutional rights. As a result of his failure to cooperate at the hearing, the Board suspended LaChance's racing license.[3]

On December 2, 1985, the DEA formally notified LaChance of the seizure and impending forfeiture of the $49,000 and ad-

---

1. LaChance had been asked to open his carry-on luggage as he passed through the magnetometer at the airport. Agent Thornton was informed by the magnetometer operator that LaChance was carrying large sums of cash.

2. 31 U.S.C. § 5316 provides for the filing of a report by any person who knowingly transports monetary instruments of more than $10,000 at one time out of the United States. 31 U.S.C. § 5322 imposes criminal penalties for the willful violation of this reporting requirement. These provisions (31 U.S.C. §§ 5311 *et seq.*) were enacted because of Congress's recognition of the importance of reporting "large and unusual currency transactions in ferreting out

criminal activity...." *See California Bankers Association v. Shultz,* 416 U.S. 21, 38, 94 S.Ct. 1494, 1506, 39 L.Ed.2d 812 (1974).

3. LaChance's license was reinstated after the New York Appellate Division, First Department annulled the determination of the Board. After the Appellate decision, LaChance did produce for the Racing and Wagering Board copies of his income tax returns, indicating the source of his funds, and testified that the $49,000 came from the sale of a horse and the proceeds of a legal gambling transaction. The Board then decided not to take any action against LaChance.

vised him of his options, i.e., (1) to file a petition with the agency for remission or mitigation of the forfeiture within thirty days or (2) to file a claim and cost bond of $2,500 and have the matter brought to the United States District Court.[4]

Represented by an attorney, LaChance chose the administrative remedy and filed a petition for remission of the forfeiture on December 11, 1985. He did not pursue his remedy in the District Court. The DEA denied his petition on February 24, on the ground that LaChance had used the money in violation of the law. On March 20, plaintiff requested reconsideration of the petition for remission. The DEA granted the request for reconsideration, and after a "full and thorough re-examination of the entire case file," affirmed its denial of the petition, basing its decision on conflicting statements by LaChance regarding the source and sum of the seized currency. The DEA found that LaChance had failed to establish a good faith interest in the money or to rebut the existence of probable cause to believe that the money was the proceeds of narcotic sales.

LaChance then filed the present complaint against the DEA to recover the forfeited currency and the DEA filed the instant motion for dismissal.

## DISCUSSION

The issue before the court is whether a Federal District Court has subject matter jurisdiction over an action to recover monies seized by the Drug Enforcement Agency and forfeited after the DEA has twice considered and denied plaintiff's petitions for remission of the forfeited currency.

Plaintiff alleges that the court has jurisdiction to review the forfeiture and denial of remission pursuant to 28 U.S.C. §§ 1331, 1361, 1391 and 21 U.S.C. § 881 and claims

that his money was taken without probable cause, in violation of his constitutional right to due process.

Defendant argues that the court lacks subject matter jurisdiction because the action is against the United States as a sovereign and none of the cited statutory provisions provide for a waiver of sovereign immunity or a grant of jurisdiction. We agree.

An action may not be brought against the United States as sovereign unless it has consented to be sued by statute. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). The terms of its consent define the limits of the court's jurisdiction. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). A waiver of immunity must be "unequivocally expressed" and exceptions are not to be implied. *Id.* at 161, 101 S.Ct. at 2701–02.

Section 1331 of title 28 of the United States Code,[5] which provides generally for federal question jurisdiction, cannot be construed as a waiver of the sovereign immunity of the United States from suit. *See Doe v. Civiletti*, 635 F.2d 88, 94 (2d Cir. 1980); *Commonwealth of Kentucky ex. rel. Hancock v. Ruckelshaus*, 362 F.Supp. 360, 367 (W.D.Ky.1973), *aff'd*, 497 F.2d 1172 (6th Cir.1974), *aff'd, sub nom. Hancock v. Train*, 426 U.S. 167, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976). Thus, plaintiff may not bring his claim against the government pursuant to this statute. Nor is the mandamus statute, 28 U.S.C. § 1361, an "all-purpose waiver of the Government's immunity from suit." *Doe v. Civiletti, supra*, 635 F.2d at 94. Thus an action against the government under § 1361, also will not lie.

---

**4.** The notice also advised LaChance that an Indigency Petition could be filed in lieu of a cost bond. The notice set forth the procedure to follow if the claimant wished to bring the matter before the District Court, "[o]therwise, the property will be administratively forfeited pursuant to 19 U.S.C. § 1608...." The notice also set forth the procedure to follow in seeking an administrative remedy. The notice further cited the relevant statutes and regulations that applied to the matter.

**5.** Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff's attempted reliance on 28 U.S.C. § 1391 for jurisdictional purposes is also misplaced, as this statute concerns only the separate and distinct issue of venue for civil actions that are properly brought in Federal District Court and has no bearing on the threshold question of whether the court has jurisdiction. *See Driscoll v. New Orleans Steamboat Co.,* 633 F.2d 1158, 1159 n. 1 (5th Cir.1981) ("Venue is distinct from jurisdiction. Venue may be proper or improper, independent of questions of subject matter or personal jurisdiction."); *Arrowsmith v. United Press International,* 320 F.2d 219, 225 (2d Cir.1963); *Berning v. BBC, Inc.,* 575 F.Supp. 1354, 1357–58 (S.D.Ohio 1983). "Title 28 U.S.C. § 1391 is a venue statute and cannot itself confer jurisdiction." *Andrus v. Charlestone Stone Products Co.,* 436 U.S. 604, 609 n. 6, 98 S.Ct. 2002, 2005 n. 6, 56 L.Ed.2d 570 (1978).

▮ Similarly, plaintiff errs in relying on 21 U.S.C. § 881 to seek judicial review of the DEA's denial of his petition for remission. Section 881(d) of Title 21 and section 1618 of Title 19 [6] provide for the filing of a petition for remission or mitigation of a forfeiture before the Administration only. *See also* 21 C.F.R. § 1316.79. The District Court has no jurisdiction to review the denial of such a petition. *United States v. One 1976 Porsche 911S,* 670 F.2d 810, 813 (9th Cir.1979); *United States v. One Clipper Bow Ketch Nisku,* 548 F.2d 8, 12 (1st Cir.1977); *United States v. One 1973 Buick Riviera Automobile,* 560 F.2d 897, 900 (8th Cir.1977) (the overwhelming weight of authority supports the position that the denial of a petition for remission by the Attorney General (or agency) is not subject to judicial review on the merits); *United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774,* 463 F.2d 1168, 1170 (5th Cir.1972), *cert. denied,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972); *Bramble v. Kleindienst,* 357

F.Supp. 1028, 1033 (D.Colo.1973), *aff'd sub. nom, Bramble v. Richardson,* 498 F.2d 968 (10th Cir.1974), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974). Remission of a forfeiture is a matter of grace and discretion delegated solely to the exclusive authority of the administrative agency (or Attorney General).[7] *United States v. One 1970 Buick Riviera Automobile, supra,* 463 F.2d at 1170 ("The question of our authority to review the Attorney General's denial of the request for remission of the forfeiture is controlled by the long-standing, judge-made rule that the Attorney General has unreviewable discretion over petitions under 19 U.S.C.A. § 1618."). It appears that Congress intended the petition for remission filed with the Administration under 19 U.S.C. § 1618, to be the only available mechanism for leniency to mitigate the harshness of the forfeiture statute. *United States v. One 1976 Porsche 911S, supra,* 670 F.2d at 813; *United States v. One Clipper Bow Ketch Nisku, supra,* 548 F.2d at 12.

This court has previously noted that,

> The purpose of the remission statute was to grant executive power to relieve against the harshness of forfeitures. The exercise of the power, however, was committed to the discretion of the executive so that he could temper justice with mercy or leniency. Remitting the forfeiture, however, constituted an act of grace. The courts have not been granted jurisdiction to control the action of the executive even where it is alleged ... that discretion has been abused.

*Jary Leasing Corp. v. United States,* 254 F.Supp. 157, 159 (E.D.N.Y.1966) (quoting *United States v. One 1961 Cadillac,* 337 F.2d 730, 733 (6th Cir.1964).

A limited exception exists to this rule of judicial non-review of agency forfeitures where it can be shown that the agency has refused to consider the petition for remission or that there are concessions indi-

---

**6.** In this case, DEA agents confiscated the currency pursuant to 21 U.S.C. § 881, and, therefore 19 U.S.C. § 1618 became applicable through the operation of § 881(d).

**7.** The court notes that by Executive Order No. 6166, (June 10, 1933) the Secretary's authority was transferred to the Attorney General and for

simplicity reasons, refers to official action under these statutes as being that of the Attorney General, even though the statute refers to the Secretary of Commerce or the Treasury. *See United States v. One 1970 Buick Riviera, supra,* 463 F.2d at 1170 n. 2.

cating that the agency has a formalized invariable policy of denying petitions and, in fact, failed to give any reason for denial of the petition in question. *See One 1977 Volvo 242 DL v. United States,* 650 F.2d 660, 662 (5th Cir.1981); *United States v. One 1970 Buick Riviera Automobile, supra,* 463 F.2d at 1170; *Clow v. Nelson,* 579 F.Supp. 981, 983 (W.D.N.Y.1984). Even in these instances, however, the extent of judicial intervention has been to direct the agency to exercise its jurisdiction over the claim, not to review the administrative decision on its merits. *United States v. One 1970 Buick Riviera, supra,* 463 F.2d at 1170.

■ Plaintiff in this action does not fall within this limited exception. His petition received both initial administrative consideration as well as thorough re-examination and reasons were set forth for denial of the petition.

Moreover, judicial review of the DEA determination is barred in this case because plaintiff has elected his administrative remedy instead of a judicial proceeding, and this operates to foreclose his application before the court. *See United States v. One 1961 Cadillac, supra,* 337 F.2d 730; *Bramble v. Kleindienst, supra,* 357 F.Supp. at 1033; *Jary Leasing Corp. v. United States, supra,* 254 F.Supp. at 159. At the time LaChance was notified of the forfeiture, he was informed of his right to file a claim and cost bond and seek a judicial proceeding in District Court. He failed to do so and elected, by his attorney, to seek remission or mitigation of the forfeiture through the administrative route. This court has previously held that,

> An election to proceed by petition for remission or mitigation of forfeiture rather than by claim with the requisite bond binds the plaintiff to the available administrative remedies; and the administrative method is exclusive.

*Jary Leasing Corp. v. United States, supra,* 254 F.Supp. at 159 (citing *United States v. One 1961 Cadillac,* 337 F.2d 730

(6th Cir.1964); *United States v. Gramling,* 180 F.2d 498 (5th Cir.1950); *United States v. Chicelli,* 10 F.Supp. 900 (W.D.N.Y. 1935).)

Although plaintiff alleges that the Administrative Procedures Act, ("the A.P. A."), 5 U.S.C. §§ 701 *et seq.,* permits judicial review of a governmental denial of a petition for remission, this court has found that the A.P.A. specifically excepts from its provisions agency action, such as denial of a petition for remission which is by law committed to agency discretion. *Jary Leasing Corp. v. United States, supra,* 254 F.Supp. at 159. Furthermore, the Supreme Court has held that the A.P.A. does not confer general subject matter jurisdiction upon the district court to review federal administrative agency action. *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *see also United States v. One 1973 Buick Riviera Automobile, supra,* 560 F.2d at 900 n. 2 (applying this principle to the judicial review of a petition for remission).

For all the foregoing reasons, we conclude that this court lacks subject matter jurisdiction to review the decision of the DEA which denied plaintiff's petition for remission of the forfeiture.

■ In addition to seeking judicial review of the administrative action, plaintiff also alleges a violation of his constitutional right to due process claiming that the money was initially seized without probable cause. He relies on the Tucker Act, 28 U.S.C. § 1346(a)(2) for jurisdiction over his constitutional claim.

Once again, plaintiff's jurisdictional predicate is misplaced, as the District Court lacks jurisdiction under 28 U.S.C. § 1346 where the amount involved is over $10,-000.[8] *Doe v. United States Department of Justice,* 753 F.2d 1092, 1101 (D.C.Cir.1985). The amount here, $49,000, plainly exceeds the statutory limit. Jurisdiction for civil actions against the United States based on the constitution for amounts exceeding $10,000 lies exclusively in the Court of

---

**8.** 28 U.S.C. § 1346(a)(2) provides in pertinent part:

The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

Claims. 28 U.S.C. § 1491. *See Doe v. United States Department of Justice, supra,* 753 F.2d at 1101; *Sprecher v. Graber,* 716 F.2d 968, 973 (2d Cir.1983).

Plaintiff has requested that this court transfer his constitutional claim to the Court of Claims if it finds jurisdiction lacking in the District Court. However, when a claim under the Tucker Act exceeds $10,000 the claim should be dismissed. *See Doe v. United States Department of Justice, supra,* 753 F.2d at 1101.

Accordingly, we must dismiss plaintiff's complaint for lack of subject matter jurisdiction. Defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b) Fed.R.Civ.P. is hereby granted, and it is

SO ORDERED.

The Clerk is directed to enter judgment in favor of the defendants, the Drug Enforcement Administration and the United States, and against the plaintiff, Michel LaChance.

Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any act of Congress....