**Judith TORRES & Frank Hernandez, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 574–86 C.

United States Claims Court.

Aug. 2, 1988.

Ira G. Cooper, Forest Hills, N.Y., for plaintiffs.

Helene M. Goldberg, Washington, D.C., with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, Director, and Mary Mitchelson, Asst. Director, for defendant.

OPINION

HORN, Judge.

This case arises from a seizure of $28,-000.00 in United States currency during a search of a store, owned and operated by the plaintiffs, conducted by agents of the United States Drug Enforcement Administration. Plaintiffs, Judith Torres and Frank Hernandez, filed a Complaint in this court on September 15, 1986, in which they asked to recover the $28,000.00 from the United States based on the Just Compensation Clause of the Fifth Amendment to the United States Constitution, the Federal Tort Claims Act, Federal Regulations and the common law.

Defendant responded by filing a "Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment," contending that this court lacks jurisdiction to entertain the plaintiffs' Complaint because there has been no compensable taking of the plaintiffs' property by the United States, that the Fifth Amendment does not mandate payment for the taking of private property through the legitimate exercise of the police power, and that there is no genuine issue of material fact. Since Defendant's Motion for Summary Judgment was based upon this court's subject matter jurisdiction, defendant's counsel agreed at oral argument (at which time plaintiffs' counsel was present and did not object) that the Motion for Summary Judgment should and will be treated, hereinafter, as a Motion to Dismiss.

Based on a review of the papers submitted to the court and upon the presentations made at oral argument, and for the reasons discussed more fully below, Defendant's Motion to Dismiss is hereby GRANTED.

*Background*

The facts relevant to the motion currently before the court, as presented in the papers submitted by the parties, are as follows. In March, 1985,[1] agents of the United States Drug Enforcement Administration ("DEA") conducted a search of a store owned and operated by the plaintiffs and located in Queens County, New York, pursuant to Section 511(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, codified at 21 U.S.C. § 881 (1982 & Supp. III 1985). In the course of the search, the DEA agents discovered and seized $28,000.00 in United States currency from the premises. At the time of the search, Torres apparently denied knowledge or ownership of the currency, and Hernandez appears to have laid no claim to the currency, although, during these proceedings, both have tried to suggest that their failure to lay claim to the currency at the time can be explained.

By letter of May 30, 1985, the DEA informed the plaintiffs that administrative procedures were being initiated to forfeit the $28,000.00 in United States currency seized by agents of the DEA at 57–19 Roosevelt Avenue, Queens County, New York, in March, 1985, pursuant to 19 U.S.C. §§ 1607–1618 (Supp. III 1985)[2], 21 C.F.R.

---

1. Some of the documents in the record indicate that the search was conducted on March 5, 1985, others reflect that the search occurred on March 19, 1985. The date of the search and seizure is immaterial, however, to a ruling on the Motion to Dismiss. For the purposes of consistency, the court will cite only to March, 1985 as the reference date.

2. Sections 1607 through 1618 of 19 U.S.C. apply to the seizure at issue herein, through 21 U.S.C. § 881(d) which states:
The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and

the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof; except that such duties as are imposed upon the customs officer or any other person with respect to the seizure and forfeiture of property under the customs laws shall be performed with respect to seizures and forfeitures of property under this subchapter by such officers, agents, or other persons as may be authorized or designated for that purpose by the Attorney General, except to the extent that such duties arise from seizures and forfeitures effected by any customs officer.

§§ 1316.71–1316.81 (1987) and 28 C.F.R. §§ 9.1–9.7 (1987). Copies of the sections of the Code of Federal Regulations cited in the letter and a copy of the proposed publication notice were enclosed in the letter. The letter also included instructions to the plaintiffs on how to file a petition for the remission or mitigation of the forfeiture with the DEA, within 30 days from the date of receipt of the letter.

On June 5, 12, and 19, 1985, the DEA published a public notice, as required by 19 U.S.C. § 1607. The notice advertised the seizure of the $28,000.00 in currency and was published in *The American Banker.* The notice outlined the procedures, which included the filing of a claim and cost bond, for contesting probable cause for the seizure and noted that, absent a claim, the property would be administratively forfeited. Specifically, the notice stated the following:

> DEA Case No. C1–85–Z004 (TF–5): Notice is hereby given that on 3/5/85, the following items were seized at 5719 Roosevelt Ave, Qns, NY for violation of 21 U.S.C. § 881: $28,000. Any person desiring to place the matter in the United States District Court in order to contest the probable cause for this seizure must file with the Special Agent–In–Charge, Drug Enforcement Administration, 555 West 57th Street, Suite 1900, New York, New York 10019, a claim and cost bond of $2,500, in the form of a cashier's check or certified check made payable to the U.S. Dept. of Justice, or approved surety on or before 6/25/85. An indigency petition may be filed in lieu of a cost bond. Otherwise, the property will be administratively forfeited pursuant to 19 U.S.C. § 1608 and will be disposed of according to law. Interested parties may file petition for remission or mitigation of forfeiture with the Special Agent–In–Charge pursuant to 19 USC § 1618 and 21 CFJR [sic] 1316.71–1316.81 without filing a cost bond.

The plaintiffs failed to file a timely claim as required and never filed a cost bond. On June 25, 1985, no claim and cost bond having yet been filed by the plaintiffs, or by any other person, within the time allowed, the currency was forfeited under the administrative procedures described above, pursuant to 19 U.S.C. § 1609. Subsequently, on June 27, 1985, the DEA received a document titled, "Petition for Remission", submitted through plaintiffs' attorney. Plaintiffs' "Petition for Remission," as filed, evidenced a blank date, which appears on the document as "__ day of _____, 1985." In their "Petition for Remission," the plaintiffs alleged that the seizure of the money amounted to "a denial of property and a wrongful taking of property of the petitioners without any due process and without any just cause." The plaintiffs requested that the entire $28,000.00 be returned to them. No cost bond is documented as having accompanied the plaintiffs' document entitled, "Petition for Remission."

By letter of November 8, 1985, William M. Lenck, Forfeiture Counsel of the DEA, denied the plaintiffs' "Petition for Remission." The denial was based on plaintiffs' failure to establish a valid, good faith interest in the property, to wit: both plaintiffs disclaimed ownership of the money at the time of seizure.

Following the denial of their "Petition for Remission," the plaintiffs filed a Complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671, in the United States District Court for the Eastern District of New York on December 16, 1985. In their Complaint in the District Court, the plaintiffs alleged that the seizure of the money resulted in their property being wrongfully held by the defendant, and resulted in wrongful conversion of their property, unjustly enriching the defendant. The plaintiffs demanded judgment against the defendant. On May 21, 1986, the parties stipulated to discontinue the District Court action, without prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, in order to commence an action in the United States Claims Court.

The plaintiffs, thereafter, filed a Complaint in this court on September 15, 1986. In their Complaint, the plaintiffs' allegations include that they are the owners of

the $28,000.00, seized by the DEA at a store owned by the plaintiff Torres, located at 57–19 Roosevelt Avenue, Queens County, New York. The plaintiffs allege that their money is being wrongfully held by the defendant, and that the seizure of the money constitutes a taking of their private property without just compensation, in violation of the Fifth Amendment to the Constitution. Plaintiffs also allege government violations under "28 U.S.C. 2671, the [Federal] Tort Claims Act and 41 C.F.R. 128–48, *et seq.*, and the Common Law." In their Complaint, the plaintiffs seek the return of the $28,000.00 seized from their store.

### Discussion

The defendant has moved to dismiss this action pursuant to Rule 12(b) of the United States Claims Court, asserting that this court does not have jurisdiction since there has been no compensable taking of plaintiffs' property by the United States, and that no statute or regulation mandates payment of money to the plaintiffs.

Under 28 U.S.C. § 1491 (1982), the jurisdiction of the United States Claims Court extends to claims based upon substantive rights grounded in the Constitution, a contract, an act of Congress or a regulation of an executive department. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Alexander v. United States,* 5 Cl.Ct. 57, 60, *aff'd,* 758 F.2d 667 (Fed.Cir.1984). Tort claims under 28 U.S.C. § 1491, of the kind claimed by the plaintiffs, are not within this court's jurisdiction. *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 609, 372 F.2d 1002, 1008 (1967).

■ Plaintiffs assert that their rights to due process were violated by the DEA agents who seized the $28,000.00 in United States currency. A violation of the Due Process guarantee of the Fifth Amendment, however, does not constitute a claim for money damages of the type cognizable in this court. *Carruth v. United States,*

224 Ct.Cl. 422, 445, 627 F.2d 1068, 1081 (1980); *Schmidt v. United States,* 3 Cl.Ct. 190, 194 (1983); *Cabrera v. United States,* 10 Cl.Ct. 219, 221–222 (1986). In fact, even plaintiffs do not claim that the alleged violation of due process entitles them to money damages in this court.

The defendant has asserted and presented, in an Appendix to its Motion, documents in support of its position. The validity of these documents, as accurate copies of the existing originals, is unchallenged by the plaintiffs. These documents show that the DEA's search and seizure actions appear to have constituted a legitimate exercise of the police power and that proper administrative forfeiture procedures, ending plaintiffs' claim to the $28,-000.00, clearly have been completed by the DEA. In *Calero–Toledo v. Pearson Yacht Leasing Company,* 416 U.S. 663, 686–687, 94 S.Ct. 2080, 2093–2094, 40 L.Ed.2d 452 (1974), the Supreme Court stated that under statutes such as 21 U.S.C. § 881, the forfeiture of property, which has "been used—and may be used again—in violation of the narcotics laws fosters the purposes served by the underlying statutes, both by preventing further illicit use of the [property] and by imposing an economic penalty, thereby rendering illegal behavior unprofitable." Moreover, the constitutionality of forfeiture statutes similar to Title 21, Section 881 of the United States Code has been upheld, even when the forfeiture adversely affects the property interests of innocents. *Id.,* 416 U.S. at 680, 94 S.Ct. at 2090.

■ Plaintiffs' Complaint, however, claims that the government's seizure, without a search warrant and not pursuant to an arrest, resulted in a wrongful seizure and withholding of the $28,000.00 in currency. Assuming, for argument's sake only, that plaintiffs' allegations of an improper seizure have merit, a taking argument still cannot be sustained because the United States Claims Court still would not have jurisdiction if the plaintiff asserts that the acts of the government leading to the alleged taking were unlawful or unauthorized. A "taking" occurs when the government exercises its proper contract, proper-

ty or regulatory power to control property or rights which it does not acquire through purchase. *Florida Rock Industries, Inc. v. United States*, 791 F.2d 893, 898 (Fed. Cir.1986); *Armijo v. United States*, 229 Ct.Cl. 34, 40, 663 F.2d 90, 95 (1981); *NL Industries, Inc. v. United States*, 12 Cl.Ct. 391, 396 (1987); *Montego Bay Imports, Ltd. v. United States*, 10 Cl.Ct. 806, 809 (1986). Challenges to the propriety of the actions of federal agencies are outside the jurisdiction of the United States Claims Court. *Trone v. United States*, 213 Ct.Cl. 671, 672, 553 F.2d 105 (1977).[3] Therefore, since plaintiffs seem to argue that they are entitled to judgment because the government acted beyond the bounds of its existing statutory and regulatory authority when seizing the $28,000.00, the plaintiffs cannot properly claim jurisdiction in this court for a taking claim based on the behavior of the DEA.

■ The statutory and regulatory scheme which governs seizures in cases such as the one at issue is pursuant to 21 U.S.C. § 881 and 19 U.S.C. §§ 1607–1618.[4] This statutory scheme establishes two distinct procedures whereby interested parties may recover property seized by the government. One procedure is a judicial proceeding wherein an interested party challenges

the propriety of the seizure. *See* 19 U.S.C. § 1608 and 19 C.F.R. § 162.47 (1985). The other procedure is an administrative proceeding wherein an interested party challenges the propriety of a forfeiture, which occurs absent the initiation of the judicial proceedings.

A judicial proceeding in Federal District Court, challenging the probable cause for a seizure, may be initiated in accordance with 19 U.S.C. § 1608, made applicable to seizures such as in the instant case through 21 U.S.C. § 881(d).[5] In order for the plaintiffs to challenge a seizure in a judicial proceeding, plaintiffs were required to have filed a claim and posted a cost bond of $2,500.00 with the DEA within twenty days of the date of the first publication of the notice of seizure. As notice of seizure in this case was first published on June 5, 1985, a timely filing of a claim and cost bond was due to be filed on or before June 25, 1985.[6]

Plaintiffs' attorney transmitted a letter to the DEA which was received by the DEA on June 27, 1985. The letter was captioned "Petition for Remission." Plaintiffs seek to characterize the letter as a claim which satisfied the claim element of 19 U.S.C. § 1608. Plaintiffs also assert

---

3. Challenges to a seizure under 21 U.S.C. § 881 which are based on an allegation of a lack of probable cause are properly brought in a Federal District Court in a suit for forfeiture. If plaintiffs had filed a claim and cost bond, their assertion that the DEA lacked probable cause to seize the $28,000.00 would have been relevant in a Federal District Court, since "the Government bears the initial burden of showing probable cause for the institution of [a] suit for forfeiture," *United States v. One 1975 Lincoln Continental*, 72 F.R.D. 535, (S.D.N.Y.1976). In this case, however, the government is not instituting a suit for forfeiture; the forfeiture was accomplished under proper administrative procedures, pursuant to 19 U.S.C. §§ 1607–1618.

4. We note that plaintiffs improperly assert that the forfeiture should be governed by the requirements of "41 C.F.R. §§ 128–48, *et seq.,*" titled, "Utilization, Donation or Disposal of Abandoned & Forfeited Personal Property."

5. Section 1608 of 19 U.S.C. states in pertinent part:
   Any person claiming [property] may at any time within twenty days from the date of the

first publication of the notice of seizure file with the appropriate customs officer a claim stating his interest therein. Upon the filing of such claim, and the giving of a bond to the United States in the penal sum of $2,500 or 10 percent of the value of the claimed property, whichever is lower, but not less than $250 ... such customs officer shall transmit such claim and bond with a duplicate list and description of the articles seized to the United States attorney for the district in which seizure was made, who shall proceed to a condemnation of [the property] in the manner prescribed by law.

6. In papers filed by plaintiffs with the court, they acknowledge that notice of intent to forfeit the seized property was published by a local daily newspaper, *The American Banker*, once a week for three successive weeks, as required by 19 U.S.C. § 1607 and 21 C.F.R. § 1316.75. The plaintiffs also admit that the notice advised interested parties of the necessary procedure to judicially contest the probable cause for the seizure of the $28,000.00, including the fact that the claim and cost bond had to be filed with the DEA by June 25, 1985.

that posting the letter on June 25, 1985, the date that a claim and cost bond was due to be filed, constituted a timely filing, even though the DEA did not receive it until June 27, 1985. In this case, however, the difference between filing and posting the letter is not controlling. Even, for argument's sake, if this court were to assume that the "Petition for Remission" was actually a timely and properly filed claim, albeit mislabeled, plaintiffs never filed the cost bond, of $2,500.00, nor did they petition, in the alternative, for waiver of the bond due to indigency, in order to perfect their claim.

By not filing a cost bond, plaintiffs opted to proceed administratively. "An election to proceed by petition for remission or mitigation of forfeiture rather than by claim with the requisite bond binds the plaintiff to the available administrative remedies; and the administrative method is exclusive." *LaChance v. Drug Enforcement Administration*, 672 F.Supp. 76, 80 (E.D. N.Y.1987) (quoting *Jary Leasing Corp. v. United States* 254 F.Supp. 157, 159 (E.D.N. Y.1966) (citing *United States v. One 1961 Cadillac*, 337 F.2d 730 (6th Cir.1964); *United States v. Gramling*, 180 F.2d 498 (5th Cir.1950); *United States v. Chicelli*, 10 F.Supp. 900 (W.D.N.Y.1935))). Since plaintiffs elected to pursue their administrative remedy instead of undertaking a judicial proceeding, judicial review of the DEA determination is barred in this case. *LaChance* 672 F.Supp. at 80; *LaChance v. United States*, 15 Cl.Ct. 127, 129 (1988).

If the propriety of a seizure is not contested judicially in Federal District Court (under 19 U.S.C. § 1608), and the value of

the property is less than $100,000,[7] the property is forfeited to the government, twenty days following proper publication of the notice of service, pursuant to 19 U.S.C. § 1609(a). The accomplished forfeiture may then be contested administratively under 19 U.S.C. § 1618.[8] "A petition for remission or mitigation of forfeiture [under 19 U.S.C. § 1618], is a petition for administrative relief not judicial relief." *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 214 (7th Cir.1985).

In the instant case, the DEA, in the letter dated November 8, 1985, signed by William N. Lenck, Forfeiture Counsel of the DEA, denied plaintiffs' Petition for Remission of the forfeiture. Following the DEA's denial of the plaintiffs' Petition for Remission, although the plaintiffs could have filed a petition for reconsideration of the denial within ten days of receiving notice of the decision, they apparently did not do so. *See* 28 C.F.R. § 9.4(e). It is generally recognized that the Attorney General and his representatives have "virtually unreviewable discretion to ameliorate the harshness of forfeiture statutes [such as 19 U.S.C. § 1618] in appropriate cases." *United States Currency in the Amount of $2,857.00*, 754 F.2d at 214 (citing *Calero-Toledo*, 416 U.S. at 689 n. 27, 94 S.Ct. at 2094–95 n. 27). Consequently, no court should now review the DEA's denial of the plaintiff's petition for remission.

### Conclusion

Defendant's Motion to Dismiss is GRANTED. If the government's seizure of the currency was proper, the currency

---

**7.** Although at the time of the forfeiture, 28 C.F.R. § 9.4 described property subject to administrative forfeiture as having an "appraised value of $10,000 or less", this definition conflicts with 19 U.S.C. § 1607 which allows administrative forfeiture if the value of the property "does not exceed $100,000." When the Code of Federal Regulations conflicts with the United States Code, the United States Code prevails. On August 31, 1987, 28 C.F.R. Part 9 was amended to conform with 19 U.S.C. § 1607. 52 Fed.Reg. 32,786 (1987).

**8.** Section 1618 of 19 U.S.C. states, in pertinent part:

Whenever any person interested in any [property] seized under the provisions of this chapter, ... files ... a petition for the remission or mitigation of [the] forfeiture, [and the] forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or [there are] such mitigating circumstances as to justify the remission or mitigation of such ... forfeiture, [the government] may remit or mitigate the same upon such terms and conditions as [it] deems reasonable and just....

was forfeited pursuant to the applicable statutes and regulations. If the government's seizure of the currency was improper, under the United States Constitution or the applicable statutes and regulations, the plaintiffs do not state a claim within the jurisdiction of this court. The Clerk of the Court is directed to dismiss plaintiffs' complaint.

IT IS SO ORDERED.