Willie E. BURKE, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT AGENCY, Defendant.**

**Civil Action No. 95–D–642–N.**

United States District Court, M.D. Alabama, Northern Division.

April 9, 1997.

---

Willie E. Burke, Jr., pro se.

Redding Pitt, U.S. Atty., John T. Harmon, Asst. U.S. Atty., Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant United States of America's motion to dismiss filed on September 13, 1995.[1] Plaintiff Willie E. Burke ("Burke") filed a response on August 29, 1995. Defendant filed additional support for its motion to dismiss on June 6, 1996. On November 4, 1996, Burke filed a response to Defendant's filing of additional support. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that Defendant's motion to dismiss is due to be granted in part and denied in part.

### Factual Background

This action arises from the seizure of a 1993 Chevrolet Silverado pick-up truck ("Truck") by the Drug Enforcement Agency ("DEA").[2] The Truck was seized on or about February 15, 1994 as the result of the arrest and prosecution of Terry Mitchell ("Mitchell") for a drug related offense. Mitchell was subsequently convicted and sent to prison. Mitchell allegedly purchased the Truck from Burke on or about July 16, 1993. Burke claims that Mitchell paid only a portion of the total price of the Truck. Burke claims that he maintained a security interest in the Truck at the time it was seized by the DEA. In pursuit of that interest Burke filed a lienholder petition on February 9, 1995,[3] seeking recovery of his interest in the vehicle.[4]

In a letter dated April 10, 1995, Susan M. Carracino ("Carracino"), a Senior Attorney for the DEA, informed Burke that his Lienholder Petition had been approved and that the forfeiture would be completely remitted

---

1. The Defendant initially filed its motion to dismiss on July 18, 1995. In its motion to dismiss dated September 13, 1995, the Defendant "restates and reasserts its heretofore filed Motion to Dismiss as to [Plaintiff Willie E. Burke's] Amended Complaint." The court finds that the September 13, 1995, motion to dismiss merely renews the July 18, 1995, motion to dismiss. Therefore, the court treats the two different filings as one motion and refers to their combination as the Defendant's motion to dismiss filed on September 13, 1995. This memorandum opinion and order rules on both of these filings.

2. The Truck's serial number or VIN is 1GCHC39N2PE24800.

3. While Burke's response to Defendant's motion to dismiss on August 29, 1995, claims that the Lienholder Petition was filed on February 9,

1994, the copy of the Lienholder Petition submitted to the court is dated February 9, 1995. Additionally, DEA correspondence indicates that the seizure occurred on or about February 15, 1994. From the evidence currently before it, the court is unable to determine the actual date of seizure and filing of Burke's Lienholder Petition. The court adopts the date appearing on the Lienholder Petition for purposes of discussion but notes that such adoption is merely for purposes of discussion and that the dates are still in dispute.

4. According to Burke's documentation and the Lienholder Petition, the Truck's cash selling price was $31,266.50 and Mitchell had paid $9,266.50 of the total price meaning that Burke's interest was approximately $22,000.00.

without cost or penalty to Burke. Burke was directed to reclaim the Truck by contacting the United States Marshall Service ("USMS"). Burke then allegedly took the letter to the secure facility at Gunter Park in Montgomery, Alabama, in an effort to reclaim the Truck. Burke alleges that he presented the letter to Marshall Simmons ("Simmons") who told Burke that he had not yet received a copy of the remission letter. Burke did not receive possession of the Truck during this visit to the secure facility.

Burke alleges that this visit to the secure facility touched off an effort by the DEA to reverse the earlier remission decision. Burke alleges that DEA agents and officials from the IRS began to harass him in an effort to prevent him from retrieving the Truck. On May 18, 1995, William J. Snider ("Snider"), DEA Forfeiture Counsel, wrote Burke to inform him that DEA's complete remission decision of April 10, 1995, was temporarily rescinded pending investigation of allegations that Burke's documentation was falsified. On March 22, 1996, Carracino wrote to Burke to inform him that his Lienholder Petition had been denied following a complete investigation. Carracino informed Burke of the "facts" supporting the DEA's decision: (1) the Alabama Department of Revenue had no record of either Burke's lien or vehicle registration on the Truck's Certificate of Title, (2) a Forensic Document Examiner determined that the sales contract provided by Burke shows evidence of tampering including evidence that the sales contract was signed by the same person, and (3) Burke's refused to cooperate in an interview scheduled for April 18, 1995. Finally, Snider wrote Burke on October 8, 1996, and explained that Burke was entitled to only one reconsideration of the DEA's denial of Burke's Lienholder Petition in accordance with the provisions of 28 C.F.R. § 9.4(i). In his October 8, 1996, letter, Snider also wrote that the DEA had decided to deny Burke's request for reconsideration and that the decision on Burke's Lienholder Petition was now final.

Burke argues that the facts of this case provide the court with a basis for exercising equitable jurisdiction over this matter. He claims that the DEA's decision to revoke its grant of a complete remission is in reality a second seizure of his property and that none of the seizure laws have been followed to effect this second seizure. Burke further argues that Simmons acted in "bad faith" and committed an "end run" to prevent Burke from receiving possession of the Truck. Burke also argues that he is not asking the court to review the merits of a DEA decision but is only asking the court to force the DEA to perform a ministerial act—the return of the Truck in accordance with its complete remission decision. Burke also asks the court to grant equitable and injunctive relief in the form of an injunction preventing further investigations against Burke in connection with this matter.

The Defendant argues that, based upon well-established separation of power principles, the court should not interfere in an ongoing criminal investigation. On the issue of the Lienholder Petition, the Defendant argues that the court lacks jurisdiction to review the decision to deny Burke's Lienholder Petition. The Defendant argues that Burke failed to exercise his right to receive a judicial review of the forfeiture proceedings and instead opted to pursue an administrative review of the forfeiture by filing a petition for remission or mitigation. The Defendant claims that remission and mitigation decisions are entirely discretionary and are subject to judicial review in only very narrow circumstances which are not present here.

### MOTION TO DISMISS STANDARD

 Lack of subject matter jurisdiction may be asserted by either party or the court, *sua sponte*, at any time during the course of an action. Fed.R.Civ.P. 12(b)(1). Once challenged, the burden of establishing a federal court's jurisdiction rests on the party asserting the jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980)[5].

---

**5.** Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding authority

in the Eleventh Circuit. *Bonner v. City of Prich-*

There are two forms of 12(b)(1) attacks on subject matter jurisdiction: facial and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990). Facial attacks " 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' " *Id.* at 1529. (citing *Menchaca*, 613 F.2d at 511). Factual attacks, on the other hand, focus not on the pleadings but on the existence of subject matter jurisdiction "in fact," and the court may consider matters other than the pleadings, such as affidavits. *Id.* at 1529. The court finds that in the instant case, the Defendant has launched a facial attack on Burke's complaint. Therefore, the court presumes that Burke's allegations are true as it evaluates the existence of its jurisdiction over this matter.

## DISCUSSION

In its motion to dismiss, the Defendant argues that the court lacks jurisdiction to enjoin an on-going criminal investigation of Burke. *See, e.g., Reporters Comm. For Freedom of the Press v. American Tel. & Tel.*, 593 F.2d 1030 (D.C.Cir.1978), *cert. denied*, 440 U.S. 949, 99 S.Ct. 1431, 59 L.Ed.2d 639 (1979). Burke has not offered any arguments in opposition to Defendant's position. Based upon the strong legal arguments presented by the Defendant and Burke's lack of opposition, the court finds that Burke's claims dealing with an investigation targeted against him are due to be dismissed.

■ Those individuals contesting forfeitures have a choice to proceed either by seeking a judicial determination of the forfeiture or by allowing the item to be administratively forfeited and then seeking administrative review of the forfeiture through a petition for remission or mitigation. 19 U.S.C.A. §§ 1608, 1609, 1613 (West Supp. 1997); *see also Ezennwa v. U.S.*, 1997 WL 63318, at *1–*3 (E.D.N.Y. February 12, 1997) (describing the claimant's options for contesting forfeiture proceedings). In order to secure judicial review of a forfeiture action, an interested party must file a notice of interest in the seized item as well as the "giving of a bond to the United States in the penal sum of $5,000.00 or 10 percent of the value of the claimed property." 19 U.S.C.A. § 1608 (West Supp.1997). If no "such claim is filed or bond given within twenty days," then the item shall be declared forfeited and shall be sold at a public auction. 19 U.S.C.A. § 1609 (West Supp.1997).

■ However, even though the item is considered to have been administratively forfeited, an interested person may seek administrative review of the forfeiture by petitioning the Secretary of the Treasury for remission or mitigation of the "fine, penalty, or forfeiture" prior to the sale of the item. 19 U.S.C.A. § 1618 (West Supp.1997); *see also* 28 C.F.R. § 9.4(a)(1996) (directing that petitions for remission or mitigation of administrative forfeitures shall be directed to the Administrator of the DEA). If the petition for mitigation or remission is denied, the petitioner has ten days in which to submit a single request for reconsideration of the denial. 28 C.F.R. § 9.4(i) (1996).

■ In this action, Burke did not submit a bond and made no effort to seek judicial review of the Truck's forfeiture. Instead, he filed a Lienholder Petition in an effort to secure a remission or mitigation of the Truck's forfeiture. Therefore, Burke waived his right to seek judicial review of this action and any review this court may grant must flow from Burke's petition for remission or mitigation. *See* 19 U.S.C.A. §§ 1608–09; *see also U.S. v. One 1987 Jeep*, 972 F.2d 472, 480 (2nd Cir.1992); *Matter of $67,470.00*, 901 F.2d 1540, 1545 (11th Cir.1990) ("It is inappropriate for a court to exercise jurisdiction to review the merits of a forfeiture action when the petitioner elected to forego the procedures for pursuing an adequate remedy at state law.").

■ The court's jurisdiction over the DEA's handling of Burke's Lienholder Petition is extremely narrow. "The remission of forfeitures is neither a right nor a privilege, but an act of grace." *Matter of $67,470.00*, 901 F.2d at 1543 (citing *U.S. v. One 1961*

*ard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

*Cadillac,* 337 F.2d 730, 733 (6th Cir.1964); *ARCA Airlines, Ltda. v. U.S. Customs Serv.,* 726 F.Supp. 827, 830 (S.D.Fla.1989), *aff'd,* 945 F.2d 413 (1991); *LaChance v. Drug Enforcement Admin.,* 672 F.Supp. 76, 79 (E.D.N.Y.1987)). As such, federal common law consistently holds that federal courts "lack jurisdiction to review the merits of a forfeiture decision that the Secretary has reached in the exercise of his discretion." *Id.* (citations omitted). However, federal courts do have jurisdiction "when the agency does not even consider a request that it exercise its discretion." *Id.* at 1544; *see also One 1987 Jeep,* 972 F.2d at 480. However, a petitioner must either make specific claims that the agency has not exercised its discretion or the agency must acknowledge that it has taken no action on the petitioner's request. *Id.* Courts may also exercise jurisdiction where an agency violates its own regulations for dealing with administrative forfeitures. *Sammons v. Taylor,* 967 F.2d 1533, 1548 (11th Cir.1992) (holding that dispute over the Federal Bureau of Investigation's adherence to its own forfeiture regulations was sufficient to allow the court to exercise jurisdiction over the agency's administrative forfeiture decision).

██ There is no allegation or evidence that the DEA refused to consider Burke's Lienholder Petition.[6] However, the DEA may have violated its own procedures for handling forfeiture remissions when it countermanded its initial complete remission decision. While the DEA has provided a detailed explanation for its reversal on May 18, 1995, a complete reversal of an agency's decision within a month of a supposedly final decision strikes the court as unnatural. Such actions seem to run counter to traditional notions of finality in agency decisions. For these reasons, the court finds that such a reversal may violate the DEA's procedures for handling these claims. It is unclear if the back-to-back contradictory remission decisions are inconsistent with DEA remission regulations because neither party has provid-

ed the court with a thorough discussion of the applicable regulations.

██ In light of the high standard at the motion to dismiss stage, the lack of discovery in this matter, and the fact that Burke is acting pro-se in this matter, the court finds that the Defendant's motion to dismiss is due to be denied. The court finds that based upon the information before it, there is uncertainty over the DEA's compliance with its own forfeiture regulations. Therefore, the court finds that discovery should be reopened in this matter so that Burke may discover information relating to the DEA's forfeiture regulations.[7] The court will entertain summary judgment motions once discovery has proceeded sufficiently to brief this issue.

### CONCLUSION

Accordingly, it is CONSIDERED and ORDERED Defendant's motion to dismiss be and the same is hereby GRANTED in part and DENIED in part and further CONSIDERED and ORDERED that the stay of discovery entered in this matter is hereby LIFTED.

---

**6.** If Burke's Lienholder Petition was actually submitted in February of 1994 and the DEA did not decide the petition until April of 1995, then the DEA may have unduly withheld consideration of the Plaintiff's petition.

**7.** This finding removes the stay of discovery entered by the Honorable Magistrate Judge Charles S. Coody on February 12, 1996.